# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| EVA A. WEBB WRIGHT, ) | |
| ) | Case No. 1:18-cv-38 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| PENGUIN RANDOM HOUSE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court are: (1) Defendant Penguin Random House's ("PRH") motion to dismiss for failure to state a claim (Doc. 17); (2) Plaintiff's "Motion: Memorandum for Denying Dismissal of Defendants" (Doc. 23); and (3) Plaintiff's "Motion to deny defendant's motion to dismiss" (Doc. 26). For the following reasons, Defendant's motion to dismiss (Doc. 17) will be **GRANTED**. Plaintiff's motions (Docs. 23, 26) will be **DENIED AS MOOT**.

I. **BACKGROUND**

According to Plaintiff, she uploaded her personal memoir to a website years before the novel *Fifty Shades of Grey* was published. (Doc. 1, at 4–5.) Plaintiff alleges that Amanda Hayward[1] emailed Plaintiff on March 30, 2005, asking her if her story was real or fiction. Plaintiff alleges that, some time later, but before the publication of *Fifty Shades of Grey* in any format, her memoir "was contracted to third party publishing companies of Lulu and Amazon,"

---

[1] Plaintiff filed a related action, *Wright v. The Writer's Coffee Shop, LLC et al.*, No. 1:17-CV-00355 (E.D. Tenn. filed Dec. 27, 2017), against Amanda Hayward, one of the publishers of the print-on-demand and e-book versions of *Fifty Shades of Grey*, by E.L. James, whose legal name is Erika Mitchell Leonard. The other defendants include The Writers Coffee Shop, LLC, Ms. Leonard, Jennifer Lyn Pedroza, and Crista Beebe.

and Plaintiff had sold one copy, earning royalties of $3.75. (*Id.* at 4.) Plaintiff alleges that when she contacted PRH about the "piracy" of her memoir, PRH "proceeded to argue it was impossible and their client had never been to [Plaintiff's] site before." (*Id.* at 5.) Plaintiff seeks damages to compensate her for her lost royalties and physical and emotional harm, as well as an injunction against further sales of the *Fifty Shades of Grey* trilogy. (*Id.*)

On February 27, 2018, Plaintiff filed her pro se complaint against PRH in this Court, asserting various state-law claims arising from Defendant's publication of the *Fifty Shades* trilogy,[2] which she believes infringes upon her rights in her memoir. Plaintiff seeks to enjoin PRH from selling the *Fifty Shades* series; she also seeks "full and proper credit . . . for pirated story" and money damages for lost profits and "physical and emotional harm" suffered by Plaintiff and her family. (Doc. 1, at 5.) On July 23, 2018, PRH filed a motion to dismiss Plaintiff's complaint. (Doc. 17.) Plaintiff filed responses in opposition to Defendant's motion to dismiss (Docs. 23, 26) on August 9, 2018, and August 29, 2018. Defendant replied on August 16, 2018 (Doc. 25). Defendant's motion (Doc. 17) is now ripe for review.

## II. STANDARD OF LAW

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

---

[2] The Court takes judicial notice, under Federal Rule of Evidence 201(b), that PRH published the *Fifty Shades* trilogy on the following dates: *Fifty Shades of Grey* was published on May 25, 2011; *Fifty Shades Darker* on September 13, 2011; and *Fifty Shades Freed* on January 17, 2012. *See* United States Copyright Office, Public Catalog, https://cocatalog.loc.gov (last visited Nov. 1, 2018).

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. For purposes of this determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). The Court is "not, [however,] require[d] to either guess the nature of or create a litigant's claim." *See, e.g*., *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co*., 47 F. App'x

757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This factual matter must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

Defendant seeks to dismiss all of Plaintiff's claims, arguing that they are preempted by the United States Copyright Act and, even if not preempted, they fail to state a claim against Defendant. (Doc. 17.) Defendant interprets Plaintiff's complaint as "assert[ing] state-law claims alleging violation of her statutory right of publicity, tortious interference with contractual relations and prospective business relations, negligent and intentional infliction of emotional distress, and harassment." (Doc. 17, at 1.)

### A. Claims Arising from PRH's Alleged Use of Plaintiff's Memoir

To the extent that Plaintiff asserts state-law causes of action arising from PRH's alleged use of her memoir without her permission and without compensating her, these claims are preempted by the United States Copyright Act. The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . ." 17 U.S.C. § 301(a). The U.S. Court of Appeals for the Sixth Circuit has explained that the Copyright Act "is unusually broad in its assertion of federal authority [in that it] converts all state common or statutory law 'within the general scope of copyright' into federal law . . . ." *Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir. 2005).

Courts apply the "functional test" requirements of "subject matter" and equivalency to determine if a state-law claim is preempted by the Copyright Act. *See, e.g.*, *Stanford v. Caesars Entm't, Inc.*, 430 F. Supp. 2d 749, 757–59 (W.D. Tenn. 2006). For example, in *Wells v. Chattanooga Bakery, Inc.*, the Tennessee Court of Appeals held that all claims based on defendant's advertisement using Plaintiff's image without compensation were preempted by the Copyright Act because there was "no distinction between the rights [asserted in the plaintiff's state-law claim] and the exclusive rights granted under the Copyright Act because his claim . . . depend[ed] solely on [the defendants'] purported failure to compensate him for the allegedly unauthorized reproduction." 448 S.W.3d 381, 389, 391–92 (Tenn. Ct. App. 2014).

Because Plaintiff's claims of violation of her statutory right of publicity, tortious interference with economic advantage, and/or commercial misappropriation "depend[ ] solely" on Defendant's alleged use of her original work without permission or compensation, *id.*, these state-law claims are preempted by the Copyright Act. *See Stromback v. New Line Cinema*, 384 F.3d 283, 306 (6th Cir. 2004).

5

However, to the extent Plaintiff's allegations state a cause of action under the Copyright Act, she may not assert such an action without alleging that she has a registered copyright for her memoir or, perhaps, that she has applied for one.  *See* 17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corp. v. Wall-street.com, LLC*, 856 F.3d 1338 (11th Cir. 2017), *cert granted*, No. 17-571, 2018 WL 3148286 (U.S. June 28, 2018) (granting certiorari following circuit split over whether a plaintiff can bring suit while copyright registration application is pending).

In sum, regarding Plaintiff's allegations related to PRH's alleged use of her memoir, she has not stated a cause of action under state law because those claims are preempted by the Copyright Act.  Plaintiff also fails to state a claim under the Copyright Act because she lacks a registered copyright—or even a pending copyright registration application.

### B.  Claims Arising from PRH's Other Alleged Acts

The facts asserted are insufficient to support claims of malicious harassment, Tennessee Code Annotated § 4-21-101, intentional infliction of emotional distress, *see Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012) (listing elements), or negligent infliction of emotional distress, *see id.* at 206 (listing elements), against PRH.  Plaintiff states:

> Defendant and their clients have tortiously interfered with Plaintiff and her family's limited financial resources, the health and well-being of Plaintiff and her family from undue stress . . . .  After contacting Random House about the piracy plaintiff's hair started falling out from the stress and developed medical condition of Stress induced lesions . . . .  While continuously being cyber stalked by defendant's client Erika Mitchell Leonard and entire Mitchell and Leonard family and through repeated frequent Facebook friend requests while plaintiff is trying to recover.

(Doc. 1, at 5.)

Plaintiff alleges "cyber stalk[ing]" and "repeated frequent Facebook friend requests," but she attributes this activity to PRH's clients and their families, not to any agents of PRH.  (*Id.*)  Therefore, these actions do not state a claim for relief against PRH.  Indeed, Plaintiff only

6

mentions one interaction with Defendant, when she contacted Defendant "about the piracy." (*Id.*) Plaintiff states that Defendant responded by "argu[ing] that it was impossible." (*Id.*)

Malicious harassment under the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, "requires not only that a person acted maliciously . . . but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person." *Washington v. Robertson Cty.*, 29 S.W.3d 466, 473 (Tenn. 2000). In addition, to state a claim for malicious harassment, a plaintiff must allege that the harassment was motivated by the victim's "race, color, ancestry, religion, or national origin." *Blaque v. Renaissance Healthcare Grp., LLC*, No. 3:11-CV-456, 2011 WL 5828024, at *1 (E.D. Tenn. Nov. 18, 2011). To survive a motion to dismiss, Plaintiff must present facts that state a "plausible" claim to relief. *Twombly*, 550 U.S. at 570. It was Plaintiff who allegedly initiated the contact with PRH, and there is no allegation of further contacts initiated by PRH. PRH's alleged conduct cannot be plausibly characterized as "threatening" or "coercing," *Robertson Cty.*, 29 S.W.3d at 473, and Plaintiff does not allege that PRH's conduct was motivated by her "race, color, ancestry, religion, or national origin," *Blaque*, 2011 WL 5828024, at *1.

Plaintiff's claims are also insufficient to support a claim for either intentional or negligent infliction of emotional distress. The elements of intentional infliction of emotional distress are "that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Louisville Land Co.*, 367 S.W.3d at 205. Plaintiff alleges that PRH responded to her phone call by dismissing her contentions as "impossible." (Doc. 1, at 5.) Even if such conduct was

7

intentional and even if it caused Plaintiff "serious mental injury," the claim fails because PRH's alleged conduct cannot be plausibly characterized as "so outrageous that it is not tolerated by civilized society." *Louisville Land Co.*, 367 S.W.3d at 205. The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999). The "types of acts that occur in virtually every dispute," such as PRH's alleged statements by telephone, do not "even begin to rise to the level of being so outrageous in character . . . as to go beyond all bounds of decency . . . ." *O'Dell v. O'Dell*, 303 S.W.3d 694, 696–97 (Tenn. Ct. App. 2008) (internal quotation marks omitted) (dismissing a complaint for failure to state a claim where a defendant visited plaintiff's residence and "verbally assaulted" him regarding their limited liability corporation). Plaintiff's allegations concerning PRH's conduct do not support a claim of intentional infliction of emotional distress.

A claim of negligent infliction of emotional distress must allege breach of a duty owed by the defendant to the plaintiff, causation in fact, proximate causation, injury or loss, and a serious mental injury caused by the defendant's conduct. *Louisville Land Co.*, 367 S.W.3d at 206. Plaintiff has failed to allege any duty owed to her by PRH. Therefore, Plaintiff fails to state a claim for negligent infliction of emotional distress.

Accordingly, the Court will **GRANT** Defendant's motion to dismiss Plaintiff's claims.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Rule 12(b)(6) motion to dismiss (Doc. 17) is **GRANTED**. Plaintiff's motions (Docs. 23, 26) are **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**